Matter of Bilet M. (Luciano M.-R.) (2018 NY Slip Op 02245)





Matter of Bilet M. (Luciano M.-R.)


2018 NY Slip Op 02245


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6124 6123 6122 6121

[*1]In re Bilet M., etc., and Others, Dependent Children Under the Age of Eighteen Years, etc., Luciano M.-R., etc., Respondent-Appellant. The New York Foundling Hospital, Petitioner-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
Daniel Gartenstein, Long Island City, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the children.



Orders of fact-finding and disposition (one for each child), Family Court, Bronx County (Sara P. Cooper, J.), entered on or about January 24, 2017, which, to the extent appealed from, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject children, and committed their custody and guardianship to petitioner agency and the New York City Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence that despite the agency's diligent efforts to encourage and strengthen the parental relationship, the father failed to plan for the children's future (see Social Services Law § 384-b[7][a]). The agency expended diligent efforts to encourage and strengthen the parental relationship by exploring the planning resources suggested by the father, inviting and attempting to arrange for him to appear for agency meetings, forwarding his letters to the children's therapist pursuant to the neglect order and keeping him apprised of the children's progress (see Matter of Eddie Christian S., 44 AD3d 504, 504-505 [1st Dept 2007], lv denied 9 NY3d 818 [2008]).
Contrary to the father's claim, the caseworker testified that the children's paternal grandfather was cleared by the agency by utilizing the U.S. address he provided but that he failed to submit his address in Mexico where he had indicated that he wanted to take the children. In addition, his unpreserved claim that the agency did not meet its information obligations is belied by the record, because the father testified at the fact-finding hearing that the agency told him what he needed to do in order to plan for the children.
In addition, the finding that the father permanently neglected the children is supported by clear and convincing evidence that he cannot offer the children a normal home due to the fact that he is serving a 21-year prison term and is not scheduled to be released from custody until after the youngest child has reached the age of majority (see Matter of Sasha R., 246 AD2d 1, 7-8 [1st Dept 1998]). Although the father maintained contact with the children, none of the resources he provided were viable and his inability to provide a realistic and appropriate alternative to foster care until his release from prison constituted a failure to plan for the children's future warranting a finding of permanent neglect (see Matter of Danyel Ramona C., 306 AD2d 127, 128 [1st Dept 2003]).
The evidence presented at the dispositional hearing that the children were doing well with [*2]the stable foster families with whom they have been living for the past four years and that the respective foster parents want to adopt them established that it
is in the children's best interest to terminate the father's parental rights (see Matter of Nicole Monique H., 270 AD2d 205 [1st Dept 2000], lv denied 95 NY2d 761 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK